IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MATTHEW DANIEL GRIFFIN,<br><br>Plaintiff,<br><br>vs.<br><br>LEROY KIRKEGARD–WARDEN;<br>DAVE PENTLAND–SENIOR DHO;<br>LOREN KUCHINSKY–DISP.<br>INVESTIGATOR; and KEN<br>COZBY–HEARINGS OFFICER,<br><br>Defendants. | CV 13-00027-H-DWM-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

**SYNOPSIS**

Plaintiff Matthew Griffin has filed a Complaint, alleging he was disciplined at Montana State Prison without adequate due process. (Doc. 2). The Complaint fails to state a claim upon which relief may be granted because none of the allegations implicate a protected liberty interest. The Complaint should be dismissed.

**JURISDICTION**

Mr. Griffin filed this action in federal court, in the Great Falls Division of the District of Montana. (Doc. 2). Venue is proper because he is incarcerated in and alleged wrongs were committed in Powell County, Montana. Local Rule

1

3.2(b)(3). The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint attempts to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Donald W. Molloy, United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1).

## STATUS

Mr. Griffin is a prisoner proceeding in forma pauperis. His Complaint must be reviewed to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915, 1915A. If so, the Complaint must be dismissed. 28 U.S.C. § 1915A(b). This is the review.

## STANDARDS

### A. Stating a claim

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. *Id.* at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Leave to amend

The court liberally construes pro se pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Leave to amend a complaint should be given freely "when justice so requires." Fed.R.Civ.P. 15. However, a district court should dismiss a complaint without granting leave to amend if amendments would be futile. *Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983). "Leave to amend need not be given if a complaint, as amended, would be subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

## C. Due Process

To state a claim for a due process violation, a plaintiff must allege (1) a protected liberty interest, and (2) that he was deprived of that interest without adequate due process. If there is no liberty interest at stake, the Constitution does not require any process, and the second element becomes irrelevant. *See, e.g., Meachum v. Fano*, 427 U.S. 215, 223-24 (1976); *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).

In the prison setting, a liberty interest is recognized and protected only if state agents take actions that either (1) affect the sentence imposed upon conviction in an unexpected manner, or (2) impose a hardship that is atypical and significant in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Whether a hardship is "atypical and significant" depends on three factors:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (*citing Sandin*, 515 U.S. at 486-87); *see also Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

4

**FACTS**

For purposes of this review, the well-pleaded facts in the allegations of Mr. Griffin's Complaint set forth below are presumed to be true.

Mr. Griffin was incarcerated at Montana State Prison when he filed this action. He alleges Defendants placed him in disciplinary segregation on false charges. He alleges Officer Kuchinsky failed to provide him with a Miranda warning prior to the disciplinary hearing on the charges.

Mr. Griffin alleges Warden Kirkegard is responsible for reviewing all disciplinary decisions and improperly allowed the disciplinary hearing decision to stand.

Mr. Griffin alleges the disciplinary segregation bars him from attending work, educational, vocational, and recommended chemical dependency treatment programs. Mr. Griffin alleges that the Montana Board of Pardons and Parole denies parole to inmates who do not participate in recommended treatment programs. Therefore, Mr. Griffin alleges he has virtually no opportunity for parole.

Mr. Griffin seeks a declaratory judgment stating that Defendants violated his due process rights; an injunction ordering Warden Kirkegard to expunge the disciplinary conviction from Mr. Griffin's institutional and parole board files; and

punitive damages.

## ANALYSIS

"Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose." M*eachum*, 427 U.S. at 225. Consequently, placement in any part of a Montana prison would not affect the sentence in an unexpected manner. Being moved to a different housing unit is not an atypical and significant hardship and does not entitle Plaintiff to any due process procedural protections. *Sandin*, 515 U.S. at 475–76, 487 (30 days' disciplinary segregation is not atypical and significant); *Smith v. Mensinger*, 293 F.3d 641, 654 (3rd Cir. 2002) (seven months of disciplinary confinement "does not, on its own, violate a protected liberty interest"); *Jones v. Baker*, 155 F.3d 810 (6th Cir. 1998) (two and one-half years' administrative segregation is not atypical and significant); *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir.1985) (prison authorities may change a prisoner's "place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another" without violating a prisoner's due process rights); *Lucero v. Russell*, 741 F.2d 1129 (9th Cir. 1984) (administrative transfer to maximum security without a hearing does not infringe on any protected liberty interest). The Due Process Clause does not create an

interest in being confined to a general population cell. *Hewitt v. Helms*, 459 U.S. 460, 466 (1983); *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003). Mr. Griffin's confinement in a locked housing unit does not implicate a liberty interest. *Id.*

Mr. Griffin also fears that his chances at parole are less likely given his disciplinary charge and inability to complete recommended treatment programs. The Court explained in *Sandin* that, "[t]he decision to release a prisoner rests on a myriad of considerations. And, the prisoner is afforded procedural protection at his parole hearing in order to explain the circumstances behind his misconduct record." *Sandin*, 515 U.S. at 487. Consequently, the possibility that the disciplinary action taken against a prisoner could influence the prisoner's early release is "too attenuated" to implicate the Due Process Clause. *Sandin*, 515 U.S. at 487. Mr. Griffin's allegation that the disciplinary action deprived him of an opportunity for pre-release does not allege a lost liberty interest.

Mr. Griffin received the due process to which he was entitled.

## CONCLUSION

Mr. Griffin's Complaint does not allege the loss of any protected liberty interest. A prisoner has no protected liberty interest in being confined in a general population cell and any effect of disciplinary action on the possibility of parole or

7

community pre-release is too attenuated to establish a liberty interest. Because Mr. Griffin does not allege a protected liberty interest, he cannot establish a due process violation. *Meachum*, 427 U.S. at 223-24. His Complaint does not state a claim on which relief can be granted. These are not defects which could be cured by amendment. The Complaint should be dismissed.

### A. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes

of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. As such, no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

### B. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g).

Mr. Griffin failed to state a claim against Defendants. The dismissal of this case should constitute a strike under 28 U.S.C. § 1915(g).

### C. Address Changes

At all times during the pendency of this action, Mr. Griffin SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

1. Mr. Griffin's Complaint (Doc. 2) should be dismissed.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Griffin failed to state a claim upon which relief may be granted and his claims are frivolous.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Griffin may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date these Findings and Recommendations were served which is the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Griffin files objections, he must itemize each factual finding to which

objection is made and identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Griffin from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 31st day of October, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge